UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DOW WRIGHT**<br>*Plaintiff*,<br><br>v.<br><br>**NISSAN NORTH AMERICA, INC.**<br>*Defendant*, | Civil Action No. 05-2150<br><br>**Hon. William J. Martini**<br>**U.S.D.J.**<br><br><br><br>**REPORT AND**<br>**RECOMMENDATION** |

## INTRODUCTION

This matter comes before me on plaintiff's motion to remand this action to the Superior Court of New Jersey, Law Division, Morris County. This matter was referred to me by Judge Martini. I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

## BACKGROUND/ PROCEDURAL HISTORY

This action was commenced with the filing of a Complaint in the Superior Court. The date of the filing is in issue. The Complaint alleges a consumer class action involving various State law claims against defendant.

Plaintiff submitted the Complaint to the Clerk in Morris County on February 10, 2005, along with the requisite $200.00 filing fee. The Clerk returned the Complaint in a letter dated February 16, 2005, explaining that the caption read Union County instead of Morris County. Plaintiff's counsel corrected the error and resubmitted the Complaint on February 18, 2005. Counsel did not, however, include the filing fee because he presumed the previous filing fee had been deposited. Halpern Decl., Ex. C. On February 28, 2005, the Clerk sent a notice to plaintiff's counsel informing him that the filing fee was never received. Halpern Decl., Ex. D.

On March 3, 2005, plaintiff's counsel sent another check to the Clerk.  As a result of these events, the complaint was stamped "Filed" on February 28, 2005.

On April 22, 2005, defendant removed this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which was enacted on February 18, 2005.  Defendant argues this action meets the requirements of CAFA: 1) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs and, 2) complete diversity exists between at least one member of the class and any defendant. 28 U.S.C. § 1332(d)(2). Plaintiff argues that this action was filed on February 10, 2005, which renders CAFA inapplicable.  On May 31, 2005, plaintiff moved to remand this action.

## DISCUSSION

Removal statutes should be strictly construed and any doubts resolved in favor of remand. See Weinstein v. Paul Revere Ins. Co., 15 F. Supp.2d 552, 555 (D.N.J. 1998).  Only those actions that could have originally been brought in federal court may be removed.  See 28 U.S.C. § 1441; Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).  If it appears at any time before final judgment that an action was not properly removed, the federal court must remand it to the State court from which the action was removed.  See 28 U.S.C. § 1447(c).  The burden of establishing the existence of subject matter jurisdiction falls on the removing party. See Boyer v. Snap-on Tool Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991).

A.  PLAINTIFF'S MOTION TO REMAND

"A motion to remand . . . on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c).  Therefore, as a threshold inquiry, plaintiff's motion must be assessed for timeliness.  Defendant's Notice of Removal was filed on April 22, 2005, and plaintiff moved to remand on May 31, 2005.  While the thirty-day time period clearly expired, the motion to remand is allowable because it challenges subject matter jurisdiction.  Jurisdictional defects to removal may be raised at any time.  Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996); Korea Exchange Bank v. Trackwise Sales Corp., 66 F.3d 46, 51 (3d Cir. 1995).  Plaintiff's entire argument to remand is jurisdictional, arguing that "removal based on CAFA, . . . is improper."  Pl.'s Br. in Support at 4.

B.  DEFENDANT'S REMOVAL UNDER CAFA

Defendant states this action is removable "on the basis of the [CAFA], pursuant to 28 U.S.C. § 1332(d)."  Def.'s Notice of Removal ¶ 16.  CAFA was enacted February 18, 2005.  28 U.S.C. § 1332(d).  CAFA only governs those actions "commenced on or after the date of enactment of this Act."  28 U.S.C. § 1332(d).  Removal under CAFA is only available if plaintiff's action was commenced after February 18, 2005.

In New Jersey, "a paper or pleading is considered as filed when delivered to the proper custodian and received by him to be kept on file."  White v. Katz, 261 N.J. Super. 672, 681 (App. Div. 1993).  The proper custodian in the New Jersey Superior Court, Law Division, is the Clerk.  N.J. Ct. R. 1:5-6(b)(1).  When plaintiff attempted to file this action on February 10, 2005, the clerk was required to file it, even if the pleading was nonconforming.  N.J. Ct. R. 1:5-6(c):

3

> The clerk shall file all papers presented for filing and may notify the person filing if such papers do not conform to these rules, except that
>
>> (1) the paper shall be returned stamped "Received but not Filed (date)" if it is presented for filing unaccompanied by any of the following:
>>
>>> (A) the required filing fee; or
>>>
>>> (B) a completed Case Information Statement as required by R. 4:5-1 in the form set forth in the Appendix to these rules; or
>>>
>>> (C) . . .; or
>>>
>>> (D) the signature of an attorney permitted to practice law in this State pursuant to R. 1:21-1 or the signature of a party appearing *pro se*, provided, however, that a pro se appearance is provided by these rules.
>
> If a paper is returned under this rule, it shall be accompanied by a notice advising that if the paper is retransmitted together with the required signature, document, or fee, as appropriate, within ten days after the date of the clerk's notice, filing will be deemed to have been made on the stamped receipt date.

The deficiency in the Complaint was a mislabeled caption. An error of this kind is not one of those enumerated in N.J. Ct. R. 1:5-6(c).[1] As a result, the clerk was required to file the Complaint on February 10, 2005. Therefore, CAFA cannot apply retroactively to it.[2]

---

[1] N.J. Ct. R. 1:5-6(d) governs "Misfiled Papers" and should have been applied by the clerk. However, because this rule was not utilized, the present situation is properly analyzed under N.J. Ct. R. 1:5-6(c).

[2] While amendments to removal are freely permitted within the thirty-day period for seeking removal, defendant chose not to do so. See 14B Wright, Miller & Cooper, Federal Practice and Procedure, § 3733 at 357 (3d ed. 1998). Therefore, any new grounds for removal argued by defendant will not be considered by this Court.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to remand this case to the Superior Court of New Jersey, Law Division, Morris County, should be GRANTED.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten (10) days from receipt of this Report and Recommendation to file and serve objections.

s/ Ronald J. Hedges<br>
United States Magistrate Judge

Copy: Judge William J. Martini