**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

September 8, 2005

**LETTER OPINION**

Robert Cleary
Anthony Wladyka
Proskauer Rose LLP
One Newark Center
Newark, NJ 07102

William Pinilis
Pinilis Halpern, LLP
237 South Street
Morristown, NJ 07960

> Re:  Wright v. Nissan North America, Inc.,
>      Docket No. 05-CV-2150 (WJM)

Dear Counsel:

    This matter comes before the Court on defendant's objections to Magistrate Judge Hedges' report and recommendation remanding this matter to state court. For the reasons stated below, this Court **AFFIRMS** and **ADOPTS** the report and recommendation.

    The facts and procedural history of this matter have been sufficiently set forth in the report and recommendation, thus the following will only be a brief summary. This is a putative class action against defendant Nissan North America, Inc. by owners of the Infiniti I35 ("I35"). Plaintiff, on behalf of putative class members, claims that defendant knew no later than September 2002 that thieves were targeting Xenon headlights on Maxima based vehicles, including the Nissan Maxima and the Infiniti I35, but failed to disclose this fact to purchasers of the I35. Defendant developed an anti-theft kit and a free repair option for the Maxima model only. Plaintiff alleges that defendant did not develop the kit or offer the repair option for the I35, but instead continued to market the vehicle under "the misrepresentation that the vehicle is safe, reliable and not subject to the aforementioned deficit." (Compl. ¶5.)

  This cause of action was originally brought in the Superior Court of New Jersey, Law Division.  Plaintiff filed the complaint on February 10, 2005, which was returned because the caption contained the wrong county.  A second complaint was then resubmitted to the same county on February 18, 2005.  In the notice of removal, defendant asserted jurisdiction pursuant to federal question based on the recently passed the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which was enacted February 18, 2005.  Plaintiff opposed removal arguing the complaint was filed prior to CAFA's enactment.  Defendant, in its opposition to the remand, maintained that the complaint was actually filed after the enactment of CAFA and raised a new basis of jurisdiction pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a).  The report and recommendation did not reach the merits of CAFA, holding that the action was commenced prior to the application of the act.  The report and recommendation further states that any new grounds for removal would not be addressed because the notice of removal was not amended within thirty-days of its filing.  Defendant filed an opposition to the report and recommendation, again asserting both arguments.

  Pursuant to Fed. R. Civ. P. 72(b), a district court shall review a Magistrate Judge's report and recommendation *de novo*.  *See also* L. Civ. R. 72.1(c)(2).  After performing such a review, this Court affirms and adopts the report and recommendation.  This Court agrees with Judge Hedges' determination as to the filing date of the complaint, which is further supported by N.J. Court R. 1:5-6(d) stating that complaints filed in the wrong office are considered filed on the date received.  In addition, defendant's new basis for jurisdiction cannot be considered at this time.  Although this Court is aware that this basis had not become a vehicle for removal until after the expiration of the thirty-day period with which to amend because the Supreme Court had reversed prior Third Circuit law in this regard, see *Exxon Mobil Corp. v. Allapattah Serv. Inc.*, 125 S. Ct. 2611, 2620-2621 (2005), amendments after the expiration of the thirty-day period are allowed only for technical pleading deficiencies and are not permitted to raise a completely new jurisdictional basis. 28 U.S.C. § 1653; *J & R Ice Cream Corp.v. California Smoothie Licensing Corp.*, 31 F.3d 1259, 1265 n.3 (3d Cir. 1994); *Gargiulo v. Dessauer*, 2004 WL 966240, *2 (E.D. Pa. May 5, 2004).  In conclusion, this Court **AFFIRMS** and **ADOPTS** the report and recommendation.  A separate order will be entered consistent with this Letter Opinion.

                s/ William J. Martini  
                **William J. Martini, U.S.D.J.**

cc:  The Honorable Ronald J. Hedges, U.S.M.J.